MARY JO O'NEILL  # 005294
C. EMANUEL SMITH  MS BAR NO. 7473
KATHERINE J. KRUSE  # 019127
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5029
e-mail: mary.oneill@eeoc.gov
         emanuel.smith@eeoc.gov
         katherine.kruse@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>The Boeing Company, a Delaware corporation,<br><br>　　　　　Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, against the Defendant, the Boeing Company, to correct unlawful employment practices on the basis of sex and/or opposition to unlawful sex discrimination, and to provide appropriate relief to Antonia Castron and Renee Wrede, female former employees of Boeing who worked as engineers. Boeing discriminated against Ms. Castron by transferring her due to her opposition to unlawful sex discrimination and then terminating her based on her sex, female, and/or her opposition to unlawful sex discrimination. Boeing also discriminated against Ms. Wrede by terminating her based on her sex, female, and/or her opposition to unlawful sex discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, ("EEOC" or "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. More than thirty days prior to the institution of this lawsuit, both Ms. Castron and Ms. Wrede filed charges with the Commission alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

5. At all relevant times, Defendant, the Boeing Company, has continuously been a Delaware corporation doing business in the State of Arizona.

6. At all relevant times, Defendant, the Boeing Company, has continuously had more than 500 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

## STATEMENT OF CLAIMS

**First Claim: Discriminatory and/or Retaliatory Termination of Antonia Castron**

9. After she was transferred to the PSA group at Boeing's facility in Mesa,

Arizona, Antonia Castron began to make complaints to Boeing management about conduct she reasonably, and in good faith, believed to be unlawful sex discrimination.

10. Beginning on or near August, 2002, Defendant engaged in unlawful employment practices in Arizona, in violation of Section 703(a) and/or 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), by transferring Antonia Castron due to her opposition to unlawful sex discrimination, and then terminating Ms. Castron based on her sex, female, and/or her opposition to unlawful sex discrimination.

**Second Claim: Discriminatory and/or Retaliatory Termination of Renee Wrede**

11. In 1998 and in 2000, Antonia Castron complained to Boeing management about conduct she reasonably, and in good faith, believed to be unlawful sex discrimination.

12. On or near January, 2003, Defendant engaged in unlawful employment practices in Arizona, in violation of Section 703(a) and/or 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), by terminating Renee Wrede based on her sex, female, and/or her opposition to unlawful sex discrimination.

**Allegations Pertaining to Both Claims:**

13. The effect of the practices complained of in paragraphs 9 through 12 above has been to deprive Ms. Castron and Ms. Wrede of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and/or their opposition to unlawful sex discrimination.

14. The unlawful employment practices complained of in paragraphs 9 through 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 9 through 12 above were done with malice or with reckless indifference to the federally protected rights of Ms. Castron and Ms. Wrede.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex or because a person has

opposed unlawful discrimination.

  B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and for persons who oppose unlawful discrimination, and which eradicate the effects of its past unlawful employment practices.

  C. Order the Defendant to make whole Ms. Castron and Ms. Wrede by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 12 above, in amounts to be determined at trial.

  D. Order the Defendant to make whole Ms. Castron and Ms. Wrede by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 12 above, including, but not limited to, emotional pain, suffering, mental anguish, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant to pay Ms. Castron and Ms. Wrede punitive damages for their malicious conduct or reckless indifference described and referenced in paragraphs 9 through 12 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 30th day of September, 2005.

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L Street, N.W.
        Washington, D.C.  20507


1
2
 s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

3
4
 s/ C. Emanuel Smith
C. EMANUEL SMITH
Supervisory Trial Attorney

5
6
 s/ Katherine J. Kruse
KATHERINE J. KRUSE
Trial Attorney

7
8
9
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, Arizona  85012-2504
(602) 640-5029

10
Attorneys for Plaintiff

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28