Mary Jo O'Neill  AZ Bar # 005294
Sally C. Shanley AZ Bar # 012251
Katherine J. Kruse  AZ Bar #  019167
T. Diana Chen AZ Bar # 021706
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5029
e-mail: katherine.kruse@eeoc.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br>vs.<br><br>The Boeing Company, a Delaware corporation,<br><br>Defendant. | Case No. CV05-3034-PHX-FJM<br><br>**PLAINTIFF EEOC'S NOTICE OF DISCOVERY DISPUTE AND MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY; MOTION FOR SANCTIONS** |

EEOC requests the Court to order Boeing to provide one or more corporate representatives to answer questions it refused to answer at its deposition scheduled pursuant to Fed. R. Civ. P. 30(b)(6) on February 14. EEOC also requests sanctions for Boeing's failure to provide a representative prepared to answer these questions. *See United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996), *aff'd*, 166 F.R.D. 357 (M.D.N.C. 1996). Given the number of witnesses in this action, the EEOC attempted to be efficient by noticing a 30(b)(6) deposition listing several topics. (Ex. A). Upon arriving for the deposition, defense counsel provided the EEOC a "response" to the Notice informing EEOC for the first time that Boeing's representative was only going to testify to a subset of the noticed topics.[1]  (Ex. B).  Boeing refused to provide a

---

[1]  The representative was not prepared to answer even the questions Boeing produced him to answer. Boeing and the EEOC are filing a stipulation to reset the 30(b)(6) deposition with regard to those topics.

representative to answer questions on topics 1-2, 9-10, 14-16, 18-19, and 24-26 in the notice, and stated that its representative could only testify in part to topics 12-13.

In its response, Boeing stated that it was willing to be bound by prior deposition testimony of Rob Feuerstein and Robert Bruce Wright with regard to 9 of these deposition topics and by the deposition testimony of William Charlton with regard to 2 other topics, for a total of 11. It stated that its 30(b)(6) representative would only testify in part to 2 of these 11 topics. Although a corporation can designate deposition testimony as responsive to 30(b)(6) topics, it must still provide a representative who has reviewed the deposition testimony and documents and is prepared to answer questions. *Taylor*, 166 F.R.D. at 361-363. Boeing did not do so. In answer to EEOC's questions at the 30(b)(6) deposition, Boeing's representative stated that he had not reviewed the depositions at issue, did not know which portions were responsive to each of the 11 topics, and did not even know whether the depositions contained information responsive to those topics. Boeing failed in its obligation to provide a witness prepared to testify about the listed topics; it cannot fill this obligation merely by making reference to the entirety of 3 other depositions. *See id.*

In its response, Boeing also took the position that a Rule 30(b)(6) deposition was an improper means of obtaining information about topics 24-26. Boeing cited no support, nor can it. Fed. R. Civ. P. 26(b)(1) expressly states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to [its claims], "including the existence . . . and location of any . . . tangible things." Topics 24-26 fall well within this scope of discoverable information. Topic 25 seeks bases for Boeing's position that retrieval of e-mail to respond to 2 interrogatories would cost a purported $55,000. (EEOC also has filed motions to compel answers to those interrogatories). At the time the notice was issued, Boeing had provided no support for its assertion about these costs. Topic 25 is relevant because it will allow the EEOC to determine whether Boeing has any bases for its cost assertions and whether any asserted bases are legitimate. Boeing noted in the response to the 30b6 notice that the information sought is addressed in an affidavit

attached to its Response to the EEOC's Motions to Compel.  The mere fact that Boeing provided limited information via affidavit a few days before the 30(b)(6) deposition does not preclude EEOC from exploring the issue further at the deposition.  If a company has a position about an area of inquiry noticed in a 30(b)(6) deposition, its agents must present the position, give reasons for it, and stand subject to cross-examination.  *Taylor*, 166 F.R.D. at 361-363.  Boeing is not allowed to limit EEOC's inquiry by citing an affidavit.

Topic 24 asks for information about the efforts Boeing took to locate documents, a topic well within the scope of Fed. R. Civ. P. 26(b)(1).  Topic 26 seeks bases for factual assertions contained in Boeing's letters to the EEOC.  These factual assertions pertain to relevant topics in this case in which the EEOC alleges that Boeing discriminatorily terminated 2 female employees, topics including whether anyone was hired into the jobs after the two women were fired, and if so, who and when, and the topic of what documents the managers used to assess the performance of the employees to determine who should be laid off.  (Exs. C, D).  Letters from counsel are not evidence; the EEOC seeks to determine whether Boeing has evidence in support of its assertions.

Respectfully submitted  this 16th day of February, 2007.

MARY JO O'NEILL
Regional Attorney

SALLY C. SHANLEY
Acting Supervisory Trial Attorney

 s/Katherine J. Kruse
KATHERINE  J.  KRUSE
T. DIANA CHEN
Trial Attorneys

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012

Attorneys for Plaintiff

**Certificate of Service**

I certify that on this 16th day of February, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Tibor Nagy, Jr. AZ Bar # 007465
> Erica Rocush AZ Bar # 021297
> Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
> 6760 N. Oracle Rd., Suite 200
> Tucson, Arizona  85704-5608
>
> Attorneys for Defendant
>
>  s/ Katherine Kruse