**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV-05-3034-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| The Boeing Company, | |
| Defendant. | |

**I.**

On January 1, 2003, Antonia Castron ("Castron") and Renee Wrede ("Wrede") were terminated from their positions as engineers for defendant The Boeing Company ("defendant").   On September 30, 2005, plaintiff Equal Employment Opportunity Commission ("plaintiff") filed a complaint alleging two claims: discriminatory and/or retaliatory termination of Castron, and discriminatory and/or retaliatory termination of Wrede.  Complaint at 2-3 (doc. 1).

The court has before it defendant's motion to sever (doc. 61), plaintiff's response (doc. 73) and defendant's reply (doc. 81).  Defendant moves to sever plaintiff's claims pursuant to Rules 21 and 20(a), Fed. R. Civ. P.  For the reasons stated below, we deny defendant's motion.

**II.**

In order to join in one action as plaintiffs, persons must "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). In contrast to Rule 20, which addresses the joinder of *parties*, Rule 18 addresses the joinder of *claims*. A party may join as many claims as the party has against an opposing party. Fed. R. Civ. P. 18(a). The "transaction" test and the "common question of law" test do not apply to joinder of claims, in contrast to joinder of parties.

When one party joins an additional claim against an opposing party, the broader standard of Rule 18(a), and not that of Rule 20(a), applies. Similarly, "[a]s its caption indicates, Rule 21 is a mechanism for remedying either the misjoinder or nonjoinder of *parties*," not claims. 7 Wright & Miller, Federal Practice and Procedure § 1683 (emphasis added). Nevertheless, a court may order a separate trial of any number of a single plaintiff's claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," so long as it preserves "the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." Fed. R. Civ. P. 42(b).

**III.**

Defendant first argues that plaintiff's claims should be severed because they do not "satisfy the preconditions for permissive joinder set forth in Rule 20(a)." Motion to Sever at 6. But as we have seen, transactional relatedness and commonality have no bearing on whether an individual plaintiff may join additional *claims* against an opposing party. Therefore, we deny defendant's motion to sever on this ground.

Defendant next argues that we should sever plaintiff's claims pursuant to Rule 21, Fed. R. Civ. P., because if the claims are tried in one action, defendant will be unfairly prejudiced. Motion to Sever at 11. We also deny defendant's motion on this ground because Rule 21(a),

1   which governs misjoinder and non-joinder of parties, provides no authority to sever a single

2   plaintiff's claims.

3        Even if we were to construe defendant's motion to sever as a motion to bifurcate

4   plaintiff's claims pursuant to Rule 42(b), we would reach the same conclusion.[1]

5   "[B]ifurcation and separate trials is not the normal course of events, and a single trial will

6   usually be more expedient and efficient."  12 James Wm. Moore et al., Moore's Federal

7   Practice - Civil § 42.20.  Defendant argues that one trial would be prejudicial because it

8   "would allow a jury to hear what should clearly be inadmissible evidence, thereby unfairly

9   biasing the jury against Boeing and seriously jeopardizing its right to a fair trial."  Motion

10  to Sever at 12.  Further, defendant contends that plaintiff "is attempting to keep the claims

11  joined in order to facilitate an improper inference that some hidden pattern of discrimination

12  existed in the layoffs."  Id.  In its reply, defendant concludes that it has "explained in detail"

13  how it will be prejudiced, but goes no further.  Reply at 6.  The reply simply asserts that "the

14  risk of confusing the jury is sufficient to unfairly prejudice Boeing," and reiterates its

15  contention that the two claims do not share common facts.  Id.

16       However, as plaintiff notes, defendant's arguments are no more than generalized

17  assertions of prejudice.  Defendant does not highlight the specific evidence that should be

18  admissible for purposes of one claim and inadmissible for purposes of the other.  Nor does

19  it specify what aspect of plaintiff's case will lead to jury confusion.  Generalized assertions

20  of prejudice and the argument that the two claims do not share common facts do not justify

21  Rule 42(b) bifurcation.  Therefore, we also deny defendant's motion on this third ground.

22       Finally, the defendant asserts that the "EEOC is the plaintiff in name only" and "has

23  not personally suffered any injury from Boeing".  Reply at 3 n.1.  But the EEOC is

24  authorized by Title VII to bring a civil action against a private employer "reasonably believed

25

26       [1]  Rule 42(b) provides us with authority to bifurcate claims into separate trials.
27  However, bifurcated claims will still result in one judgment, whereas after "severance under
    Rule 21 . . . severed claims become entirely independent actions to be tried, and judgment
28  entered thereon, independently."  9 Wright & Miller, Federal Practice and Procedure § 2387.

to be engaged in unlawful employment practices." <u>EEOC v. Dinuba Med. Clinic</u>, 222 F.3d 580, 587 (9th Cir. 2000) (allowing a suit brought by the EEOC on behalf of three former employees of a private employer who allegedly subjected them to a hostile work environment and retaliation). Congress provided the EEOC with enforcement authority to "implement the public interest as well as to bring about more effective enforcement of private rights." <u>Gen. Tel. Co. v. EEOC</u>, 446 U.S. 318, 36, 100 S. Ct. 1698, 1704 (1980). Therefore, whether defendant has injured the EEOC is immaterial. Although the EEOC may act "at the behest and for the benefit of specific individuals," it nevertheless "acts also to vindicate the public interest in preventing employment discrimination." <u>Id.</u>[2] We thus reject this final contention.

Therefore, **IT IS ORDERED DENYING** defendant's motion to sever (doc. 61).

DATED this 7th day of March, 2007.


_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

[2] The Supreme Court has previously declined to limit the EEOC's enforcement power, holding that the EEOC may bring suit on behalf of a group of aggrieved individuals without being certified as a class representative under Rule 23, Fed. R. Civ. P. <u>Gen. Tel. Co.</u>, 446 U.S. at 323, 100 S. Ct. at 1703 ("Given the clear purpose of Title VII, the EEOC's jurisdiction over enforcement, and the remedies available, the EEOC need look no further than § 706 for its authority to bring suit in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals.").