Tibor Nagy, Jr. (#007465)
Erica K. Rocush (#021297)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., SBN 00504800
6760 North Oracle Road, Suite 200
Tucson, Arizona 85704
Telephone: (520) 544-0300
Fax: (520) 544-9675
tibor.nagy@OgletreeDeakins.com
erica.rocush@OgletreeDeakins.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>The Boeing Company, a Delaware corporation,<br><br>　　　　　　Defendant. | Case No. CV05-3034-PHX-FJM<br><br>**DEFENDANT THE BOEING COMPANY'S RESPONSE TO PLAINTIFF EEOC'S MOTION TO COMPEL 30(B)(6) DEPOSITION TESTIMONY AND MOTION FOR SANCTIONS** |

　　　　Defendant The Boeing Company ("Boeing"), by and through undersigned counsel, hereby opposes EEOC's Motion to Compel 30(b)(6) Deposition Testimony and Motion for Sanctions ("Motion"). The Motion seeks to compel Boeing to provide corporate representatives to answer questions relating to certain topics listed in EEOC's 30(b)(6) deposition notice which EEOC contends Boeing has not sufficiently answered.

　　　　First, EEOC contends that Boeing has not produced corporate representatives sufficient to meet its Rule 30(b)(6) obligations regarding the topics contained in paragraphs 1, 2, 9, 10, 12, 13, 14, 15, 16, 18, and 19 of the 30(b)(6) deposition notice. In response to paragraphs 2 and 12, Boeing designated the prior deposition testimony of William Charlton as responsive to these topics. Boeing designated the prior deposition

testimony of both Robert Bruce Wright and Robert Feuerstein as responsive to the remaining paragraphs.

Notably, EEOC concedes that Boeing is fully within its rights to designate prior deposition testimony as responsive to a 30(b)(6) deposition notice. Despite this admission, EEOC contends that Boeing still must produce a live witness who has read the prior deposition testimony and is "prepared to answer questions" (presumably about the other sworn testimony). (Motion at p. 2). EEOC is plainly wrong. The only case EEOC cites in support of this argument is *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996). Although *Taylor* states that a corporation must prepare its 30(b)(6) deponents by having them review prior deposition testimony as well as corporate documents, this duty is grounded in the general principle that a corporation's 30(b)(6) deponents must be prepared for their depositions so that the corporation cannot claim ignorance in regards to some topics at a 30(b)(6) deposition and then take a different position at trial regarding those same topics. The obligation imposed by *Taylor* that a 30(b)(6) deponent review prior deposition testimony is to avoid a corporation "'sandbagging' [ ] an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before trial." *Id.* at 362. Boeing has attempted to do no such thing. On the contrary, Boeing has identified the deposition testimony of specific individuals who are undisputedly the most knowledgeable regarding the specified topics in question, and whom EEOC already has extensively deposed in this matter. Each individual testified to the full extent of Boeing's knowledge regarding the specific topics on which Boeing has designated their deposition testimony.

Therefore, despite the general duties imposed by *Taylor*, it does not undermine Boeing's conduct in this case because (1) *Taylor* in no way limits a corporation's ability to rely on previous deposition testimony as responsive to a Rule 30(b)(6) notice, so long as such conduct is not evasive or in bad faith and (2) *Taylor* is distinguishable because it

4614459.2

did not even address the propriety of designating prior deposition testimony in response to a 30(b)(6) notice.

Moreover, the one court that has directly addressed this issue, and is therefore much more on point than *Taylor*, expressly condoned the designation of prior deposition testimony in response to a Rule 30(b)(6) deposition notice. *Novartis Pharmaceutical Corp. v. Abbott Laboratories*, 203 F.R.D. 159, 162-63 (D. Del. 2001). In *Novartis*, the district court held that a corporation fully meets its obligations under Rule 30(b)(6) by designating prior deposition testimony and agreeing to be bound by such testimony, as long as the testimony is of the individual most knowledgeable about the specified subject matter. In denying Abbott's motion to compel 30(b)(6) testimony, the court noted that because Abbott had already obtained over 80 pages of testimony from Novartis's designated witness, another deposition of that person for Rule 30(b)(6) purposes would be merely cumulative and a waste of resources. *Id.* In the case at bar, EEOC has obtained between 125 and 190 pages of deposition testimony from each of the identified deponents, had a full opportunity to question each individual about any and all topics contained in the 30(b)(6) notice and, indeed, did question the individuals extensively about the subject topics. (*See, e.g.,* Exhibit A, containing Robert Feuerstein's response to topic number 1 of the 30(b)(6) deposition notice).

As pointed out by the *Novartis* court, and as is inherently logical, for Boeing to either re-produce witnesses who have already been extensively deposed by EEOC on the identified subject matters, or alternatively, to produce a witness who has read the prior deposition transcripts for the purpose of repeating what is contained in such transcripts, would be cumulative and a waste of resources. Having designated prior sworn testimony of Company management representatives, which is fully responsive to the specified subject topics, Boeing has complied with its obligations under Rule 30(b)(6).

EEOC also seeks to compel testimony responsive to the topics contained in paragraphs 24-26 of the 30(b)(6) deposition notice. As Boeing explained in its initial

4614459.2

response to the deposition notice, the topics contained in these paragraphs are inappropriate for a deposition. All of these paragraphs seek, in some form, information on the *efforts* made by Boeing to respond to certain of EEOC's written discovery requests and the *reasons* why Boeing was unable to locate certain requested documents. Contrary to EEOC's unsupported contentions, FRCP Rule 26(b) allows for discovery regarding the "existence, description, nature, custody, condition and location of any books, documents or other tangible things," but *not* what efforts a party might have undertaken to locate such things. Indeed, to allow a party to take discovery on such matters would strike at the very heart of the responding party's attorney-client and work product privileges.

For example, Boeing's efforts to locate or retrieve documents responsive to EEOC's discovery requests were conducted either by Boeing legal counsel or at the direction of Boeing legal counsel, and the letters referred to in paragraph 26 were written by Boeing counsel. Thus, EEOC's attempts to "discover" what Boeing did to respond to the written discovery at issue (beyond what Boeing has already revealed in response to such written discovery) is plainly nothing more than an attempt to have Boeing disclose privileged information about its defense of this litigation. Furthermore, paragraphs 24, 25, and 26 do not seek any substantive facts relating to any of the matters at issue in this case, nor could they possibly lead to the discovery of any information admissible at trial in this matter.

Additionally, in regards to paragraph 25, this Court ruled in its Order of March 2, 2007 that Boeing is not required to produce the underlying information described in that paragraph. Therefore, the subject matter of paragraph 25 has been rendered moot by this Court's March 2nd Order.

Finally, although EEOC requests that sanctions be imposed on Boeing, EEOC provides no basis for this request. Because, as explained above, Boeing has responded in good faith to EEOC's 30(b)(6) notice and has complied with its obligations under Rule 30(b)(6), sanctions would be wholly inappropriate and EEOC's request should be denied.

- 4 -

4614459.2

Respectfully submitted this 8th day of March, 2007.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.


By ___s/Erica Rocush___
Tibor Nagy, Jr.
Erica K. Rocush
6760 North Oracle Road, Suite 200
Tucson, AZ 85704
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2007, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Katherine J. Kruse
Diana Chen
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, AZ 85012-2504
Attorneys for Plaintiff

s/ Lori Hall

4614459.2