**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV 05-03034-PHX-FJM  **ORDER** |
| Plaintiff, | | |
| vs. | | |
| The Boeing Company, | | |
| Defendant. | | |

The court has before it plaintiff's "Notice of Discovery Dispute and Motion to Compel 30(b)(6) Deposition Testimony; Motion for Sanctions" ("Motion to Compel") (doc. 85), defendant's response (doc. 92) and plaintiff's reply (doc. 96). Plaintiff moves for an order compelling defendant to produce "one or more corporate representatives" to answer questions related to topics 1, 2, 9, 10, 14, 15, 16, 24, 25 and 26 of its Notice of Rule 30(b)(6) Deposition (doc. 69). <u>Motion to Compel</u> at 1. For the reasons stated below, we deny plaintiff's motion.[1]

---

[1] On February 28, 2007, we ordered reopened defendant's Rule 30(b)(6) deposition for questioning on topics 3, 4, 5, 6, 7, 8, 11, 12, 13, 18, 19, 20, 21, 22 and 23. See <u>February 28, 2007 Order</u> (doc. 88). Therefore, we do not address plaintiff's motion to compel answers to topics 18 and 19, <u>see</u> <u>Motion to Compel</u> at 2, on grounds of mootness.

**I.**

Instead of providing a live witness to respond to topics 1, 2, 9, 10, 12, 13, 14, 15, and 16, defendant designated prior deposition testimony as responsive to those topics. See Response at 1-2. Plaintiff concedes that defendant is entitled to respond to a Rule 30(b)(6) notice in this manner. Id. at 2. However, it argues that in addition to designating testimony as responsive, defendant must also provide a live witness who has reviewed the designated deposition testimony and "is prepared to answer questions." Id. at 2. Plaintiff contends that defendant failed in its obligation to provide a witness "prepared to testify about the listed topics." Id. With regard to the topics for which depositions were designated, defendant produced a witness who, according to plaintif, could do no more than reference the designated depositions. Id.[2]

When a party notices and subpoenas a corporation, the named corporation has a duty to designate "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Rule 30(b)(6), Fed. R. Civ. P. The corporation "may set forth, for each person designated, the matters on which the person will testify," and the designated persons "shall testify as to matters known or reasonably available" to the corporation. Id.

There is scant case law on the issue raised by plaintiff's motion. However, we are persuaded that a party meets its Rule 30(b)(6) burden by (1) producing a deponent "knowledgeable on the subject matter identified as the area of inquiry;" (2) designating "more

---

[2] Plaintiff's motion does not characterize the designated testimony as non-responsive, but moves to compel as a result of the live witness's inability to answer certain questions regarding the designated testimony. Although its reply argues that the designated depositions were "lengthy, partially non-responsive, and inconsistent," Reply at 3, it does not move to compel further testimony from the representatives whose depositions were designated as responsive. Instead, plaintiff contends that the witness produced by defendant at the 30(b)(6) deposition had a duty to "identify the portions of designated depositions that are responsive, or to resolve inconsistencies and incomplete answers in these responses." Id. at 3. Therefore, we limit our discussion to the obligations Rule 30(b)(6) imposes on live witnesses designated as persons most knowledgeable as to particular topics.

1 than one deponent if it would be necessary to do so in order to respond to the relevant areas
2 of inquiry that are specified with reasonable particularity;" (3) preparing a designated witness
3 to testify "on matters not only known by the deponent, but those that should be reasonably
4 known by the designating party;" and (4) substituting "an appropriate deponent when it
5 becomes apparent that the previous deponent is unable to respond to certain relevant areas
6 of inquiry." Alexander v. FBI, 186 F.R.D. 137, 141 (D.D.C. 1998). The duty to testify "as
7 to matters known or reasonably available" implicitly requires designated persons to review
8 all matters known or reasonably available to them in preparation for a Rule 30(b)(6)
9 deposition. United States v. Taylor, 166 F.R.D. 356, 362 (D.N.C. 1996). Therefore, when
10 a live witness is produced for a Rule 30(b)(6) deposition, that witness satisfies the producing
11 party's Rule 30(b)(6) duty so long as the witness can answer questions for which he or she
12 was designated as the person most knowledgeable. See Alexander, 186 F.R.D. at 140.

13       A corporation may also satisfy its Rule 30(b)(6) obligation by offering to be bound
14 by prior deposition testimony regarding a noticed Rule 30(b)(6) topic. See Novartis Pharms.
15 Corp. v. Abbott Labs., 203 F.R.D. 159, 163 (D. Del. 2001). This procedure acknowledges
16 that Rule 30(b)(6) testimony may be derived from several sources. A party may need to
17 designate one representative for certain topics, and a different representative for others. Each
18 designated representative must represent "the most knowledgeable witness" in the subject
19 area for which he or she is designated. Id.

20       In light of the cited authority, we conclude that when deposition testimony is
21 designated as responsive to a noticed 30(b)(6) topic, the duty to testify to matters "known or
22 reasonably available" regarding that topic correspondingly shifts to the representative whose
23 deposition was designated. A representative produced as a live witness deponent for a
24 discrete set of topics need not review or prepare to answer questions regarding matters
25 outside of his area of expertise.

26       In its response to plaintiff's 30(b)(6) deposition notice, defendant informed plaintiff
27 that it would produce Miguel Gonzalez to respond to certain noticed topics. See Defendant's
28 Response to Plaintiff's Rule 30(b)(6) Deposition, Motion to Compel Exhibit B. Defendant

1 also offered to be bound by prior deposition testimony for topics 1, 2, 9, 10, 14, 15 and 16.
2 See id. Gonzalez had no duty to testify regarding the topics for which prior deposition
3 testimony was designated as responsive. Therefore, we deny plaintiff's motion on this
4 ground.

**II.**

6 Plaintiff moves to compel responses to topics 24, 25 and 26, arguing that they are
7 relevant for purposes of Rule 26(b)(1). Motion to Compel at 2-3.

**A.**

9 Topic 24 pertains to "[t]he efforts Boeing undertook to locate" certain documents
10 identified in plaintiff's requests for production of documents, and "the reasons why Boeing
11 was unable to locate the documents." Plaintiff's Notice of Rule 30(b)(6) Deposition of
12 Defendant at 6. Plaintiff contends that this topic is relevant and therefore discoverable
13 because it "asks for information about the efforts Boeing took to locate documents." Motion
14 to Compel at 3.

15 Parties may obtain discovery regarding the "existence, description, nature, custody,
16 condition, and location of any books, documents, or other tangible things and the identity and
17 location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).
18 However, any matter a party seeks to discover must be relevant to a claim or defense. Id.

19 In arguing that Topic 24 seeks discovery that is within the scope of Rule 26(b)(1),
20 plaintiff does not explain why defendant's efforts to locate documents are relevant to a claim
21 or defense in this case. Further, this topic requests information defendant has already
22 provided. See Motion to Compel Exhibits C, D. Finally, we deny plaintiff's motion to
23 compel pursuant to Rule 26(b)(3), Fed. R. Civ. P., to the extent that Topic 24 seeks to
24 discover defense counsel's legal theories regarding the manner in which defendant responded
25 to plaintiff's requests.

**B.**

- 4 -

Through Topic 25, plaintiff seeks to discover "[a]ll bases for Boeing's position that retrieval of e-mails" responsive to several requests in plaintiff's first and second request for production of documents would cost at least $55,000. See Plaintiff's Notice of Rule 30(b)(6) Deposition of Defendant at 6.[3] Plaintiff argues that Topic 25 is relevant to its claims, and therefore discoverable pursuant to Rule 26(b)(1), Fed. R. Civ. P., because "it will allow the EEOC to determine whether Boeing has any bases for its cost assertions and whether any asserted bases are legitimate." Motion to Compel at 2.

The requests at issue in Topic 25 were the subject of our March 2, 2007 Order, in which we denied plaintiff's motion to compel responses to Nos. 25 and 26 of its First Request for Production of Documents (doc. 64), and to Nos. 19 and 20 of its Second Request for Production of Documents (doc. 65). March 2, 2007 Order (doc. 90). We concluded that defendant made the showing, pursuant to Rule 26(b)(2)(C), Fed. R. Civ. P., that "the information sought is not reasonably accessible because of undue burden or costs," and that plaintiff did not show good cause to justify the expense of the proposed discovery, for purposes of Rule 26(b)(2)(B). See id. at 2-3. In so holding, we noted that we had "no reason to doubt" defendant's $55,000 estimate. Id. at 2.

Here, plaintiff does not assert that defendant's estimated cost of retrieving the e-mails covered by Topic 25 is relevant to any claim or defense in this case. Instead, it seeks further explanation for defendant's estimate. Plaintiff may not raise an issue here that it should have raised in its earlier motions to compel. Therefore, we deny plaintiff's motion to compel answers regarding Topic 25.

**C.**

---

[3] Plaintiff's Rule 30(b)(6) Notice erroneously refers to the subject matter covered in Topic No. 25 as unanswered interrogatories. See Plaintiff's Notice of Rule 30(b)(6) Deposition of Defendant at 6. Plaintiff's Motion to Compel perpetuates this error. See Motion to Compel at 2. However, exhibits attached to plaintiff's motion clarify that Topic No. 25 in fact pertains to the request for production of documents that were the subject of our March 2, 2007 Order. See Motion to Compel Exhibits C, D.

1    Plaintiff moves to compel answers to Topic 26, arguing that it "pertain[s] to relevant
2 topics in this case . . . including whether anyone was hired into the jobs after the two women
3 were fired, and if so, who and when, and the topic of what documents the managers used to
4 assess the performance of the employees to determine who should be laid off."  Motion to
5 Compel at 3.  These topics may be relevant to a claim or defense in this case, but they are not
6 the topics covered by Topic 26.  Topic 26 requests "[a]ll bases" for the explanations
7 proffered by defense counsel in two letters describing efforts to respond to plaintiff's requests
8 for production of documents.  See Plaintiff's Notice of Rule 30(b)(6) Deposition.

9    Plaintiff has provided us with no reason to conclude that the subject matter actually
10 covered by Topic 26 is within the scope of materials Rule 26(b)(1) considers discoverable.
11 Further, this topic is duplicative in that it requests information defendant has already
12 provided.  See Motion to Compel Exhibits C, D.  Finally, to the extent that Topic 26 requests
13 defense counsel's legal theories regarding defendant's response to plaintiff's requests, we
14 deny plaintiff's motion to compel pursuant to Rule 26(b)(3), Fed. R. Civ. P.

## III.

16    Plaintiff moves for sanctions based upon defendant's failure to provide a
17 representative "prepared to answer" each topic in its Rule 30(b)(6) notice.  Motion to Compel
18 at 1.  Producing an unprepared witness at a 30(b)(6) deposition, or otherwise inadequately
19 responding to a 30(b)(6) subpoena, may constitute a failure to appear, and give rise to Rule
20 37(d), Fed. R. Civ. P. sanctions.  However, for the reasons stated above, we conclude that the
21 live witness defendant produced did not fail to satisfy any Rule 30(b)(6) obligations.  This
22 witness's actions, which are the subject of plaintiff's motion, do not give rise to sanctions.

23    **THEREFORE, IT IS ORDERED DENYING** plaintiff's "Notice of Discovery
24 Dispute and Motion to Compel 30(b)(6) Deposition Testimony; Motion for Sanctions" (doc.
25 85).

26    DATED this 17th day of April, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge