IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>       Plaintiff,<br>  vs.<br><br>The Boeing Company, a Delaware corporation,<br><br>       Defendant. | Case No. 05-3034-PHX-FJM |

      This court granted judgment in favor of the defendant Boeing and against the plaintiff EEOC on August 16, 2007 (docs. 130 and 131). The United States Court of Appeals for the Ninth Circuit reversed and remanded for trial on June 18, 2009 (doc. 145). We set the case for trial, but the parties announced settlement and ask us to enter a consent decree which Boeing has volunteered to impose on itself (doc. 157). This is their requested decree.

      The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against The Boeing Company, a Delaware corporation ("Defendant"), on September 30, 2005, to enforce Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. In the Complaint, the Commission alleged that Boeing discriminated against Renee Wrede and Antonia

1 Castron on the basis of their sex, female, and retaliated against Castron after she
2 complained about the discrimination, in violation of Title VII.
3    In the interest of resolving this matter, and as a result of having engaged in
4 comprehensive settlement negotiations, the Parties have agreed that this action should be
5 finally resolved by entry of this Decree.  The scope of this Decree, including any duties
6 or obligations set forth in Paragraphs 2, and 7 through 31 herein, is Defendant's
7 employees and premises in the Rotocraft Systems Division at its Mesa, Arizona location.
8 The Parties do not object to the jurisdiction of the Court over this action and waive their
9 rights to a jury trial and the entry of findings of fact and conclusions of law.  The parties
10 agree that this Consent Decree is fair, equitable, and reasonable, and does not violate the
11 law or public policy.
12    Defendant specifically denies and does not admit that it has violated any federal,
13 state, or local law, or that it has any liability in this civil action.  Defendant maintains that
14 it complies with all applicable employment laws, including those pertaining to sexual
15 discrimination, harassment, and retaliation.  This Decree does not constitute a finding of
16 liability or wrongdoing on the part of Defendant.  Defendant states that it is entering into
17 this Decree solely for the purposes of avoiding the expense and inconvenience of further
18 investigation and litigation.
19    It is hereby **ORDERED, ADJUDGED AND DECREED:**
20    1.   This Decree resolves all claims of the Commission in this case against
21 Defendant, including, but not limited to, back pay, compensatory and punitive damages,
22 attorneys' fees, costs, interest, and injunctive relief arising out of the issues in this
23 lawsuit.
24    **INJUNCTION**
25    2.   Defendant and its officers, agents, employees, successors, assigns, and all
26 persons in active concert or participation with them, both at the time that this Decree
27 becomes effective and for the duration of this Decree, are permanently enjoined from: (a)
28 sexually harassing any employee; or (b) retaliating against any employee, including but

not limited to, Renee Wrede and Antonia Castron, because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the federal laws prohibiting discrimination or retaliation.

**MONETARY RELIEF**

3.   Judgment is entered in favor of the Commission and against Defendant in the amount of $ 280,000.00.

4.   No later than ten business days from the date of the Court's entry of the Consent Decree, Defendant shall pay the sum of $140,000.00 to Ms. Wrede and $ 140,000.00 to Ms. Castron by check or money order.  The respective checks or money orders shall be made payable to Ms. Wrede and Ms. Castron and mailed to addresses provided by the Commission.  The respective payments to Ms. Wrede and Ms. Castron represent settlement of compensatory damages.  No later than January 31, 2011, Defendant will issue United States Internal Revenue Service ("IRS") Forms 1099 to Ms. Wrede and Ms. Castron for tax year 2010 for the respective payments.

5.   Within three business days of the issuance of the checks or money orders, Defendant shall submit copies of the checks or money orders and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

6.   Defendant will not condition the receipt of monetary relief on Ms. Wrede's or Ms. Castron's agreement to:  (a) maintain as confidential the facts and/or allegations underlying their charges and complaints and the terms of this Decree, (b) waive their respective statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

**OTHER RELIEF**

7. Defendant shall institute and carry out policies and practices that help assure a work environment free from sex discrimination, including sexual harassment, for its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII. To assist Defendant in its efforts to assure such a work environment, Defendant shall take the actions provided below in this Decree.

## TRAINING

8. Defendant shall provide training on sex discrimination, including sexual harassment, and retaliation, to its managers for the duration of this Decree, beginning within six months of the effective date of this decree and taking place at least once each year of the decree. This training will include: (1) what constitutes sex discrimination, including sexual and gender harassment, and retaliation; (2) that Title VII prohibits sex discrimination, including sexual and gender harassment, and retaliation; (3) how to prevent sex discrimination, including sexual and gender harassment, and retaliation; (4) to whom employees may complain if they feel they have been subjected to sex discrimination, including sexual and gender harassment, and/or retaliation; (5) an explanation of Defendant's policies and procedures proscribing sex discrimination, including sexual and gender harassment, and retaliation; (6) Defendant's corrective action policies and guidelines for effective, remedial disciplinary action when allegations of sex discrimination, including sexual and gender harassment, and/or retaliation are substantiated; and (7) the necessary protocols that must be followed when discriminatory behavior is observed or complained about. These corrective action policies and guidelines impose disciplinary action up to and including termination of employment. During the duration of this Decree, all newly-hired or newly-assigned managerial personnel shall receive this training within six months of the date of entry into a management position.

9. The training for managers shall be no less than two hours and shall include a procedure for questions and answers. For the duration of this Decree, Defendant shall create and maintain a roster identifying all managers who attended or took the training.

10. Prior to the first training for managers, Defendant's Site Executive for the Rotocraft Systems Division shall speak to the managers about the importance of maintaining an environment free of sex discrimination, including sexual and gender harassment, and retaliation. This message will be communicated by the Mesa Site Executive to all managers. Defendant shall make the training available for review by the Commission.

11. In addition to the management training set forth in paragraphs 8-10, Defendant will provide training on Title VII's prohibition of sex discrimination, including sexual and gender harassment, and retaliation to all non-management employees for the duration of this Decree. The employee training shall beginning within six months of the effective date of this decree and taking place at least once each year of the decree, shall be no less than one hour and shall contain a procedure for questions and answers.

12. Defendant shall retain and pay an outside consultant/lecturer to provide the training to its employees and management personnel. Defendant shall obtain the EEOC's approval of the consultant/lecturer's training materials prior to each training session unless the EEOC has already approved the materials. The training may be provided online. If the training is provided live, Defendant may videotape the training.

13. At least sixty (60) days prior to each proposed live training seminar, Defendant shall submit the name(s), address(es), telephone number(s) and resume(s) of the proposed consultant/lecturer(s), if not previously approved by the EEOC, to the Regional Attorney of the Phoenix District Office of the EEOC, at the address provided in paragraph 5 above.

14. The Commission, at its discretion, may designate Commission representatives to attend and participate in the training sessions, and the representative shall have the right to participate fully in the sessions. Defendant shall give written notice of the time

and location of each live training to the EEOC's Regional Attorney at the address provided in Paragraph 5 at least two (2) weeks prior to each live training.

**WRITTEN POLICIES AND PROCEDURES**

15.     Within sixty (60) days of the entry of this Decree, Defendant shall develop written policies and procedures or revise existing policies and procedures, to the extent necessary to comply with this Decree, concerning sex discrimination, including sexual and gender harassment, and retaliation to conform with the law. The written policies and procedures must include at a minimum:

   A.     Clear and complete definitions of sex discrimination, including sexual and gender harassment, and retaliation.

   B.     A clear statement that physical contact between employees that may be construed as sexual is prohibited on all premises of Defendant.

   C.     A statement that sex discrimination, including sexual and gender harassment, and retaliation are illegal, prohibited, and will not be tolerated.

   D.     A clear and strong encouragement of persons who believe they have been subjected to sex discrimination, including sexual and gender harassment, and/or retaliation to report the alleged behavior.

   E.     The identification of internal procedures of Defendant through which employees can report sex discrimination, including sexual and gender harassment, and retaliation.

   F.     An assurance that Defendant will investigate allegations of sex discrimination, including sexual and gender harassment, and retaliation promptly, fairly, reasonably and effectively, using trained investigators, and that corrective action will be taken by Defendant when and as appropriate.

   G.     Corrective action policies and guidelines for the imposition of appropriate disciplinary action, up to and including termination of employment, of any manager at Defendant's Mesa site against whom a claim of sex discrimination, including sexual and gender harassment, or retaliation is substantiated by an internal investigation.

  H. Corrective action policies and guidelines that provide for discipline, up to and including discharge, of management-level employees who witness or receive an allegation of sex discrimination, including sexual and gender harassment, or retaliation but fail to take steps to initiate appropriate investigative or remedial action.

  I. A procedure requiring a representative of Defendant's Human Resources organization to review and pre-approve an employee's annual performance evaluation or assessments for Reduction in Force when that employee has brought forth an allegation for sex discrimination, including sexual and gender harassment, or retaliation that has been substantiated against his/her manager.  The purpose of the review and pre-approval is to ensure that the manager against whom the complaint has been substantiated provides an objectively fair and unbiased assessment of the employee's performance and skills.

  J. An assurance of maximum feasible confidentiality for persons who believe that they have been subjected to sex discrimination, including sexual and gender harassment, or retaliation.

  K. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to sex discrimination, including sexual and gender harassment, or retaliation.

 16. Defendant shall post in a prominent place frequented by its employees at Defendant's Mesa site notices that inform employees of these policies and procedures and how they may be accessed electronically.  This notice shall be the same type, style and size as Exhibit A.  Defendant will inform new hires about these policies and procedures during new-hire orientation.

### DISCIPLINE FOR FUTURE VIOLATIONS

 17. Defendant shall take immediate, appropriate corrective action to discipline employees, including managers, who engage in sex discrimination, including sexual and gender harassment, or retaliation, through consequences that include termination under

appropriate circumstances and in accordance with Defendant's policies and guidelines for corrective action.

## EVALUATION OF MANAGERS

18. Defendant's existing performance management process evaluates its managers on their leadership attributes, including upholding Defendant's commitment to equal employment opportunity principles and laws, creating an environment of respect and inclusion, and demonstrating equal and fair treatment of everyone. Defendant shall continue to evaluate its managers in this manner during the term of this Decree which shall include consideration of the managers' enforcement of Defendant's anti-discrimination policies and their handling of discrimination complaints.

## INVESTIGATION POLICIES AND PROCEDURES

19. Pursuant to its policies and procedures, Defendant shall promptly and appropriately investigate all complaints of sex discrimination, including sexual and gender harassment, and retaliation.

20. The investigation must include a finding whether sex discrimination, including sexual and gender harassment, and/or retaliation, occurred; a credibility assessment, if necessary; to the extent possible, interviews of all potential victims and witnesses identified; and concurrent notes of the investigation.

21. Where a complaint is substantiated, Defendant shall take immediate, appropriate corrective action to make sex discrimination, including sexual and gender harassment, and/or retaliation victims whole, to discipline those who engaged in the discrimination, including sexual and gender harassment, and/or retaliation, and to remedy the misconduct. If Defendant determines that a victim of sex discrimination, including sexual and gender harassment, and/or retaliation has been denied a tangible employment benefit as a result of the discrimination, harassment, or retaliation, Defendant shall take such actions as are reasonably necessary to place the employee in the position the employee would have been in absent the discrimination, harassment and/or retaliation.

22. Defendant shall not retain documents related to the investigation in any of the complainants' personnel files.  All disciplinary actions taken against employees for violation of Defendant's sex discrimination, sexual and gender harassment, and anti-retaliation policies will be retained in the investigator's file and in the harasser's personnel file in accordance with Defendant's corrective action policies and guidelines. Where no disciplinary action is taken, the documents related to the investigation shall remain in the investigator's files in accordance with Defendant's document retention policies and procedures.

23. Within sixty (60) days of entry of this Decree, Defendant shall revise its written policies and procedures regarding investigations, to the extent necessary to comply with this Decree, to include the information in Paragraphs 19 to 22 above and distribute the revised policies and procedures to all individuals in Defendant's Global Diversity and Employee Rights Department responsible for conducting EEO investigations at its Mesa site.

24. Defendant shall follow up with complainants at appropriate intervals to ensure that sex discrimination, including sexual and gender harassment, and retaliation, do not recur.

**NOTICE**

25. Beginning no later than thirty (30) days of entry of this Decree, Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at Defendant's Mesa site, the notice attached as Exhibit B.  The notice shall be the same type, style, and size as Exhibit B.

**REDUCTION IN FORCE**

26. Since the filing of this action, Defendant has revamped its reduction in force process, including the manner in which employee assessments are conducted. Assessments are based on a combination of the employee's most recent year-end performance evaluation and his/her assessing manager's rating of the employee on general and technical skill competencies that are directly associated with the employee's

job classification.  Skill competencies are selected by a skill team captain who leads a meeting of all the assessing managers in a particular job classification and level to reach a consensus on the ratings and assessment order of employees in the particular job classification under consideration for reduction.  Assessing managers may receive input from various sources who are familiar with the employee's work performance, knowledge, skills, and abilities to support completion of the assessment, including functional managers, assigned managers, prior managers if the employee has worked for the current manager for less than 6 months, and customer/business partners.  The Reduction in Force process includes an opportunity for employees to appeal their selection for layoff.  If the employee's layoff effective date occurs prior to the completion of the RIF appeal process, and the appeal thereafter concludes that the employee should not have been identified for layoff, the employee shall be reinstated with backpay.

27. For all Reduction in Force (RIF) assessments that are scheduled to occur during the duration of this Consent Decree at Boeing's Mesa site, each employee who is subject to a RIF assessment shall be evaluated/assessed by individuals who have actual knowledge of the employee's past and current work performance and qualifications.  This may require that multiple individuals, such as past and present managers, provide input to or assess the employee's skill competencies.

### RECORD EXPUNGEMENT

28. Defendant shall expunge from the respective personnel files of Ms. Wrede and Ms. Castron: (a) all references to the charges of discrimination filed against Defendant that formed the basis of this action; and (b) all references to Ms. Wrede's and Ms. Castron's participation in this action, if any exist.

### ETHICS/GLOBAL DIVERSITY & EMPLOYEE RIGHTS OFFICERS

29. Defendant's Mesa site will maintain an Ethics Advisor and a representative in the Global Diversity & Employee Rights (GDER) office.  Each of these individuals or functions receives complaints of discrimination, harassment, and/or retaliation.  In

addition, Defendant will post throughout the Mesa site "800" numbers that employees may use to report discrimination, harassment, and/or retaliation to either or both the Ethics and GDER organizations.  The GDER organization will be responsible for investigating such complaints, making determinations regarding corrective action when appropriate, keeping records of its investigations and findings, and following-up with reporting parties.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

30. In addition to any other reporting requirements set forth herein, Defendant shall provide the following information in writing, confirmed by affidavit, to the Regional Attorney of the Commission's Phoenix District Office at the address set forth in Paragraph 5 above within six (6) months from the date of the entry of this Decree and again upon the yearly anniversary of this Decree for the duration that it is in force:

   A. Upon their completion, a copy of the revised policies and procedures created in accordance with the requirements of this Decree;

   B. The registry of persons attending the training sessions required by this Decree and documents signed by new managers reflecting that they have viewed the video tape of the training; and

   C. A confirmation that (i) the policies and procedures required by this Decree were distributed to managers as required and posted on the Boeing-Mesa site intranet; (ii) the evaluation process for managers includes criteria for evaluating managers on their leadership attributes, including upholding Defendant's commitment to equal employment opportunity principles and laws, creating an environment of respect and inclusion, and demonstrating equal and fair treatment of everyone; (iii) the Notice required by this Decree was posted, the date of posting, and the locations in which it was posted; (iv) the expungement from Ms. Wrede's and Ms. Castron's respective personnel files required by this Decree took place, the date of the expungements, and the documents expunged.

31. The Commission, upon ten business days' notice, shall have the right to enter and inspect Defendant's premises at its Mesa site to ensure compliance with this Decree.

# PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

32. In the event the Commission believes that Defendant has failed to comply with any provision(s) of this Consent Decree, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to Defendant's legal counsel and to the Head of Human Resources at Defendant's facility in Mesa, Arizona, or to his or her successor, and afford Defendant twenty (20) business days after service of the notice to remedy the non-compliance.

33. If Defendant has not remedied the alleged non-compliance in twenty (20) business days after service of notice, the EEOC may petition this Court to enforce the terms of the Decree at any time during its duration.

34. In the event the Court finds that Defendant has violated this Decree, as evidenced by a final judgment against Defendant, the Court may order reasonable relief to remedy the non-compliance, including taxable costs, daily fines, appropriate injunctive relief, and extension of this Consent Decree for such period as may be necessary to remedy its non-compliance. In the event the Court determines that no violation of this Decree has occurred, it may order EEOC to pay to Defendant it attorneys' fees and taxable costs reasonably incurred in defense of the enforcement action.

# DURATION

35. This Decree shall expire by its own terms at the end of two (2) years after entry of the Decree, without further action by the parties or the Court.

Dated this 27th day of January, 2010.


_Frederick J. Martone_
Frederick J. Martone
United States District Judge

APPROVED AND CONSENTED TO BY:

_____     _____
MARY JO O'NEILL                          PETER ROSENBLOOM
Regional Attorney                        Corporate Counsel
                                         The Boeing Company


_____
SALLY C. SHANLEY
Supervisory Trial Attorney


                                         Approved as to form only:


_____     _____
T. Diana Chen                            Tibor Nagy, Jr., Esq.
Nancy Griffiths                          Erica Rocush, Esq.
Trial Attorneys                          Ogletree Deakins Nash Smoak & Stewart
                                         P.C.
Equal Employment Opportunity             6760 N. Oracle Road, Suite 200
Commission                               Tucson, AZ 85704-5608
Phoenix District Office
3300 N. Central Ave., Suite 690          Attorneys for Defendant
Phoenix, Arizona  85012

Attorneys for Plaintiff